## Ruha v. Ruha

*C. Gregory Frantz,* for plaintiff.
*Daniel W. Rullo,* for defendant.

FIKE, *P.J.,* November 8, 1990—This case is before the court on defendant-wife's objection to the entry of a divorce decree prior to resolution of the collateral economic claims.

Plaintiff-husband has requested the court to enter a divorce decree under Divorce Code section 201(d), with bifurcation of the collateral economic claims of equitable distribution, alimony pendente lite, counsel fees and expenses. Defendant-wife objects, claiming that the disadvantages of bifurcation outweigh the advantages, and that the divorce and economic claims should be resolved at one time.

Plaintiff is 74 years old and defendant-wife is 44 years old. The parties were married in 1966 and

separated in April 1987. The divorce complaint was filed in August 1987, and has been pending since that time.

Plaintiff-husband retired from government service in 1978 and is also a lieutenant colonel in the military reserves. Husband's retirement programs provide him with an income of approximately $26,000 per year.

Defendant-wife is a government employee whose income is approximately $26,000 per year.

One of the principal points of contention is the disposition of funds in a government insurance program called the "survivor benefit plan." Apparently husband has been contributing to this plan since approximately 1976. Currently, he contributes the amount of $137 per month by deduction from his retirement pay. From the descriptive information submitted through testimony and by counsel, we understand that if a divorce decree should be entered, plaintiff-husband will no longer be required to contribute to the plan, and the plan will terminate, unless plaintiff-husband elects to continue to provide coverage to his former spouse, or unless a court order requires him to so elect. On the other hand, as long as the parties are married, plaintiff-husband cannot change or modify the plan. If plaintiff-husband dies while married to defendant-wife, defendant-wife receives all of the plan's benefit.

Defendant-wife objects to bifurcation, claiming that: (1) although she has medical coverage through her employment, the coverage through her husband's program is more complete and would terminate upon divorce; (2) plaintiff-husband has delayed in selling the marital residential real estate property and if divorce were granted, defendant-wife would have more leverage to compel a sale; and (3) if

divorce is granted before resolution of equitable distribution, maintenance of the SBP will be at the discretion of plaintiff-husband, and if, as anticipated, plaintiff-husband terminates his participation in the program, all funds in the plan will be lost.

Plaintiff-husband requests the bifurcated divorce decree because: (1) defendant-wife is not economically dependent on husband and is fully capable of self-support, (2) plaintiff has significant health problems and desires to continue the remaining years of his life unencumbered by the marriage; (3) husband should not be forced to continue to pay from his retirement income the amount of $137 per month when the parties are separated and will be divorced, and (4) the concern that wife is attempting to delay the divorce since if husband dies during marriage, all benefits from the SBP will be payable to her. Husband also contends that wife's medical insurance coverage through her employment is adequate and she does not require coverage through his retirement plan.

We are convinced that bifurcation should not be ordered. It is not reasonable that all benefits under the SBP should be lost, without benefit to either of the parties. In view of the fact that the parties have been married for 24 years, it is possible that the defendant-wife may have a significant interest in the plan, under equitable distribution principles, which would be lost, should bifurcation be ordered. Although plaintiff-husband has the option of continuing coverage after divorce is granted, there is no guarantee that he will do so, and in view of his testimony, it would be expected that if a divorce decree is entered, he will suspend his payments to the plan and effectively terminate his wife's interest. On the other hand, if divorce awaits resolution of equitable distribution claims, wife's interest in the

SBP can be determined and if it should be decided that wife is entitled to all or part of the SBP proceeds, an appropriate order can be entered to that effect, preserving the fund for wife's benefit in the future. Although we realize that plaintiff-husband will be required to continue his monthly payments into the plan, counsel for defendant-wife counters by arguing persuasively that any amounts so paid by husband can be considered as an item of credit or setoff when equitable distribution is ordered.

As we see it, it is incumbent upon the parties to proceed promptly to the appointment of a special master so that the collateral economic claim can be resolved promptly, and a divorce decree entered, thereby permitting the parties to live their own lives, without concern for marital obligations.

## ORDER

Now, November 8, 1990, it is ordered that defendant-wife's petition to deny bifurcation is granted, and her objection to entry of a bifurcated divorce decree is sustained.